UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:09-cr-0086-SEB-DKL-5 |
| | ) | |
| ROGER D. LEONARD, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on November 14, 2013, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on November 26, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On November 26, 2013, 2013, defendant Roger D. Leonard appeared in person with his appointed counsel, Mike Donahoe.  The government appeared by Barry Glickman, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Jason Nutter, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Leonard of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Leonard questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Leonard and his counsel, who informed the court they had reviewed the Petition and that Mr. Leonard understood the violations alleged. Mr. Leonard waived further reading of the Petition.

3. The court advised Mr. Leonard of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Leonard was advised of the rights he would have at a preliminary hearing. Mr. Leonard stated that he wished to waive his right to a preliminary hearing.

4. Mr. Leonard stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Leonard executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Leonard of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Leonard, by counsel, stipulated that he committed Violation Numbers 1 through 4 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** |
| 2 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | On October 8 and 28, 2013, and November 6, 2013, the offender tested positive for opiates. He stated the Hydrocodone he was taking was from and old prescription issued in January 2013; however, has been unable to provide a prescription bottle or any remaining pills. |
| 4 | **"The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon."** |
| | On November 6, 2013, probation officers searched the offender's vehicle and found 350 rounds of .22 caliber rifle shells in the trunk of his vehicle. The offender stated they were his grandson's rifle shells, although he admitted his fingerprints would be found on the ammunition box. |

7. The court placed Mr. Leonard under oath and directly inquired of Mr. Leonard whether he admitted violations 1 through 4 of his supervised release set forth above. Mr. Leonard admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Leonard's criminal history category is 1.

   (c) The range of imprisonment applicable upon revocation of Mr. Leonard's supervised release, therefore, is 4-10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

3

9.     The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows:  (a) the defendant's supervised release is to be revoked; (b) the defendant will be sentenced to the Bureau of Prisons for a period of seven months, with no supervised release to follow; and (c) the defendant is to be taken into custody immediately.  The parties' agreement also provides that the government will not file new charges based on the specification of violation Number 4 set forth in the Petition.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, ROGER D. LEONARD, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of seven (7) months, to commence immediately, with no supervised release to follow.  The defendant is remanded to the custody of the United States Marshal pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Leonard stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Leonard entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561

*et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Leonard's supervised release, imposing a sentence of imprisonment of seven (7) months in the custody of the Attorney General or his designee with no supervised release to follow, and ordering that Mr. Leonard be taken into custody immediately.

IT IS SO RECOMMENDED.

Date: __01/02/2014__

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office

United States Marshal